UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES M. BOLLING,<br><br>　Plaintiff,<br><br>v.<br><br>ACCOUNT SERVICES COLLECTIONS, INC.,<br><br>　Defendant. | CIVIL ACTION<br><br>COMPLAINT 5:21-cv-00218<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** James M. Bolling ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Account Services Collections, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is in the Western District of Texas, Defendant conducts business in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant resided in New Mexico.

1

5. Defendant is a third-party debt collection agency headquartered at 1802 NE Loop 410, Suite 400, San Antonio, Texas 78217. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone.

### FACTS SUPPORTING CAUSE OF ACTION

6. Prior to the conduct giving rise to this cause of action, Plaintiff incurred a medical bill ("subject debt").

7. Subsequently, Plaintiff could not keep up with payments on the account and defaulted on the subject debt.

8. Thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

9. On February 26, 2021 at 7:35 a.m., Defendant placed a call to Plaintiff's cellular phone number, (505) XXX-9402.

10. Plaintiff did not answer the call, so Defendant left a voicemail requesting that Plaintiff call Defendant back at the phone number (866) 825-9427.

11. Plaintiff was perplexed as to why Defendant had called him so early in the morning, so he called Defendant and asked to speak to someone regarding his concerns.

12. Defendant's representative informed Plaintiff that a manager would have to call him back.

13. Since then, Defendant has placed numerous harassing collection calls from the phone number (505) 300-1198, but upon information and belief, it may have contacted Plaintiff using other phone numbers.

**DAMAGES**

14. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

15. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's harassing collection efforts.

16. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

17. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5) through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692c

26. Defendant violated § 1692c(a)(1) by calling and leaving a voicemail for Plaintiff at 7:35 a.m., a time that it knew or should have known to be inconvenient to Plaintiff. Given that the call took place before 8:00 a.m. local time, this phone call was a violation of the FDCPA on its face.

### b. Violations of FDCPA § 1692d

27. Defendant violated § 1692d by engaging in abusive, harassing, and oppressive conduct by frequently calling Plaintiff's cellular phone seeking payment on the subject debt.

28. Defendant violated § 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from February 2021 through the present day, with at least one call taking place before 8:00 a.m. local time.

29. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

30. Upon information and belief, Defendant has no system in place to document, archive, and cease collection of debts not owed.

**WHEREFORE**, Plaintiff JAMES M. BOLLING respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: March 4, 2021                                  Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com